MR. JUSTICE SHEEHY,
dissenting:
The majority opinion is written in complete ignorance of the only real issue in this case: Whether the Frazer School Board considered the factors set out in Section 20-5-302, MCA, in denying Flynn’s out-of-district tuition money. The Board failed miserably and its decision should not be affirmed.
When approval is sought from a school board for out-of-district tuition so that pupils can attend elementary schools, the members of the school board individually are to consider under Section 20-5-302, MCA, the following factors:
*304 (1) The distance and road conditions between the child’s residence and any school of his resident district;
(2) The training center of the child’s parents;
(3) An opportunity to live with his relatives;
(4) Dormitory facilities in the district to be attended;
(5) The living conditions of the child’s family;
(6) The availability of transportation; or
(7) The type of educational program available in the school to be attended.
The Flynn’s appealed the denial by the School Board of their tuition transfer request to the county superintendent. Only two of the factors set out in Section 20-5-302, MCA, were considered by the county superintendent. She found in finding No. 10 that each of the petitioners is provided transportation by the school district to the Frazer school and that each of the petitioners lived nearer to the Frazer school than to the Wolf Point school. None other of the factors set out Section 20-5-302, MCA, were considered by the county superintendent, nor were they considered by the school Board.
If we look at the minutes of the October 14, 1984 meeting of the School Board at which the tuition transfer request was denied, we find the only reasons suggested by the district superintendent to the Board were: (1) “874 monies are theoretical, (2) the principle of quality of education, and (3) this will not set a good precedent.”
Under the testimony of one of the school district board members before the county superintendent, it developed that the Board habitually ignores the requirements of Section 20-5-302. He testified:
“Q. Has the Board had a policy concerning tuition transfers? A. Yes. Our policy since I have been on is that, as long as a person lives on a bus route, we do not grant tuition.”
Mr. Clark was further asked on the factors considered by him as a board member:
“Q. Available transportation, trade center, road conditions, emergency service, relatives in Wolf Point, and the children already started their education in Wolf Point. Are those legitimate reasons for transfer of tuition under the statutes of Montana? A. No, not in my opinion.”
It is obvious that the School Board has set itself above the law, and when tuition transfers are requested, such requests will be denied if the applicant child lives on a school bus route. Yet, availability of transportation is only one of the factors set out in Section 20-5-302, MCA, that the board should consider and pass upon individually.
*305 When the appeal was taken by the Flynns from the decision of the county superintendent further denying the tuition transfer to the State Superintendent of Public Instruction, the State Superintendent saw the flaw in the school hoard proceedings and corrected the same by reversing the county superintendent and directing the school board to provide tuition transfers. The State Superintendent was right as rain.
The majority opinion complains that the State Superintendent “substitutes the superintendent’s judgment for that of the Valley County Superintendent.” He certainly did, and rightly so. The decision of the School Board, and of the county superintendent, were clearly erroneous in view of the reliable probative and substantial evidence on the whole record (Section 2-4-704(2)(e), MCA) and the decision of the School Board and of the county superintendent was arbitrary, capricious, an abuse of discretion and a clearly unwarranted exercise of discretion. Section 2-4-704(2)(f), MCA.
The only stricture on the State Superintendent when an appeal is taken to him from a county superintendent is that he may not “substitute his judgment for that of the county superintendent as to the weight of the evidence on questions of fact.” Rule 10.6.125(4), A.R.M. In this case the superintendent did not substitute his judgment for that of the county superintendent on questions of fact because there were no questions of fact to weigh. The school board and the county superintendent failed entirely to consider the factors required to be considered under Section 20-5-302, MCA for tuition transfers. The State Superintendent was perfectly correct in determining that such procedure before the School Board and before the county superintendent was arbitrary, capricious and required to be overruled.
I would affirm the decision of the State Superintendent, and thus reverse the District Court.
MR. JUSTICE HUNT concurs in the foregoing dissent.